UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES EDWARD DOUGHERTY, III, and MICHELLE A. DOUGHERTY, his wife**<br>**1466 Day Hollow Road**<br>**Owego, NY 13827**<br><br>         Plaintiffs,<br><br>         v.<br><br>**A.O SMITH WATER PRODUCTS COMPANY**<br>11270 West Park Place<br>Milwaukee, WI 53224<br><br>**ABB, INC.**<br>c/o CT Corporation System<br>160 Mine Lake Ct, Suite 200<br>Raleigh, NC 27615<br><br>**ALFA LAVAL INC.**<br>c/o CT Corporation System<br>600 North 2nd Street, Suite 401<br>Harrisburg, PA 17101<br><br>**AIR & LIQUID SYSTEMS CORPORATION, successor-by-merger to Buffalo Pumps, Inc.**<br>c/o Corporation Service Company<br>2595 Interstate Drive Suite 103<br>Harrisburg, PA 17110<br><br>**AMETEK, INC., individually and as successor to Schutte & Koerting**<br>c/o Corporation Service Company<br>80 State Street<br>Albany, NY 12207-2543<br><br>**AMTROL, INC., Individually and as successor to Thrush Products, Inc.**<br>c/o CT Corporation System<br>450 Veterans Memorial Parkway, Suite 7A<br>East Providence, RI 02914 | Civil Action No. 22-3204 |

**ARMSTRONG INTERNATIONAL, INC.**
900 Maple Street
Three Rivers, MI 49093

**AURORA PUMP COMPANY**
c/o SPX Corporation
6325 Ardrey Kell Road
Charlotte, NC 28277

**BLACKMER**
1809 Century Avenue SW
Grand Rapids, MI 49503

**BW/IP, INC. and
Its Wholly-Owned Subsidiaries**
5215 North O'Connor Blvd,
Suite 2300 Irving, TX 75039

**CARRIER CORPORATION**
c/o United Agent Group Inc.
1001 State Street, #1400
Erie, PA 16501

**CLEAVER-BROOKS, INC.**
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

**CROSBY VALVE, LLC**
c/o CT Corporation System
155 Federal St. Suite 700
Boston, MA 02110

**DCO, LLC, f/k/a Dana Companies,
Individually and successor-in-interest to
Victor Gasket Manufacturing Company
and Spicer Parts**
c/o CT Corporation System
4701 Cox Rd., Suite 285
Glen Allen, VA 23060

**EATON CORPORATION,**
**as successor-in-interest to Eaton Electrical,**
**Inc., Cutler-Hammer, Inc., and**
**the Wright-Austin Company**
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

**ELECTROLUX HOME PRODUCTS,**
**INC., as successor-in-interest to Copes-**
**Vulcan**
c/o CT Corporation System
28 Liberty Street
New York, NY 10005

**ELLIOTT COMPANY**
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

**FEDERAL MOGUL ASBESTOS**
**PERSONAL INJURY TRUST,**
**as Successor to Felt Products**
**Manufacturing Co.**
c/o Wilmington Trust SP Services, Inc.
1105 N. Market Street,
Suite 1300 Wilmington, DE 19801

**FIVES GIDDINGS & LEWIS, LLC**
c/o CT Corporation System
301 S Bedford Street,
Suite 1 Madison, WI 53703

**FLOWSERVE U.S., INC.,**
**solely as successor to Rockwell**
**Manufacturing Company,**
**Edward Valves, Inc.,**
**Nordstrom Valves, Inc.,**
**and Edward Vogt Valve Company**
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

3

**FLOWSERVE U.S., INC. F/K/A THE DURIRON COMPANY, INC.**
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

**FMC CORPORATION,**
**on behalf of its former**
**Chicago Pump, Peerless Pump**
**and Northern Pump Businesses**
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 1.7101

**FOSTER WHEELER, LLC**
**Survivor to a merger with Foster Wheeler Corporation**
c/o United Agent Group, Inc.
3411 Silverside Road, #104 Tatnall Building
Wilmington, DE 19810

**GARDNER DENVER, INC.**
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

**GENERAL DYNAMICS CORPORATION**
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

**GENERAL ELECTRIC COMPANY**
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

**GOULD ELECTRONICS, INC.**
c/o CT Corporation System
3800 N Central Avenue, Suite 460
Phoenix, AZ 85012

**GOULDS PUMPS LLC**
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

**GRINNELL, LLC**
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

**HENRY TECHNOLOGIES, INC., f/k/a Henry Valve Company**
c/o Illinois Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

**HONEYWELL INTERNATIONAL, INC., f/k/a AlliedSignal, Inc., as successor-in-interest to The Bendix Corporation, Cincinnati Milling Machine Company, and Warner & Swasey Company**
c/o Corporation Service Company
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110

**IMO INDUSTRIES, INC.**
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

**ITT LLC f/k/a ITT Corp.,**
**Bell & Gossett Co., Foster Engineering,**
**Kennedy Valve Mfg. Co., Inc.,**
**Lawler Automatic Controls, Inc.,**
**and Hoffman Specialty Manufacturing Co.**
c/o CT Corporation System
28 Liberty Street
New York, NY 10005

**LEBLOND LTD.**
c/o Calfee, Halter & Griswold LLP
Attn: Jennifer L. Whitt
1405 East 6th Street
Cleveland, OH 44114

**METROPOLITAN LIFE INSURANCE COMPANY**
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

**PAR SYSTEMS, LLC**
c/o National Registered Agents, Inc.
1010 Dale St. N.
St. Paul, MN 55117

**PARAMOUNT GLOBAL, f/k/a ViacomCBS Inc., f/k/a CBS Corporation, a Delaware corporation, f/k/a/ Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation**
c/o Corporation Service Company
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110

**REDCO CORPORATION formerly known as Crane Co.**
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

**ROBERTSHAW CONTROLS COMPANY**
c/o Registered Agent Solutions Inc.
838 Walker Road, Suite 21-2
Dover, DE 19904

**SPIRAX SARCO, INC.**
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

**TACO, INC.**
c/o Corporation Service Company
222 Jefferson Boulevard, Suite 200
Warwick, RI 02888

**THE GOODYEAR TIRE & RUBBER COMPANY**
c/o Corporation Service Company
80 State Street
Albany, NY 12207

**THE J.R. CLARKSON COMPANY, successor by merger to Kunkle Industries, Inc., and J.E. Lonergan Company**
c/o CT Corporation System
701 S Carson Street, Suite 200
Carson City, NV 89701

**THE NASH ENGINEERING COMPANY**
c/o CT Corporation System
Goodwin Square, 225 Asylum Street, 20th Floor
Hartford, CT 06103

**VALVES AND CONTROLS US, INC., f/k/a Weir Valves & Controls USA, Inc., f/k/a Atwood & Morrill Co., Inc.**
c/o CT Corporation System
28 Liberty Street
New York, NY 10005

**VELAN VALVE CORPORATION**
94 Avenue C
Williston, VT 05495

**WARREN PUMPS LLC**
c/o CT Corporation System
1209 Orange Street
Wilmington, DE 19801

**WATTS REGULATER CO.**
c/o CT Corporation System
155 Federal Street, Suite 700
Boston, MA 02110

**WATTS WATER TECHNOLOGIES, INC.**
c/o CT Corporation System
155 Federal Street, Suite 700
Boston, MA 02110

7

**YORK INTERNATIONAL CORPORATION**
c/o CT Corporation System
301 S. Bedford Street, Suite 1
Madison, WI 53703

**ZURN INDUSTRIES, LLC**
c/o CT Corporation Systems
28 Liberty Street
New York, NY 10005,

    Defendants.

**DEFENDANT AMETEK, INC.'S NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1442(A) (FEDERAL OFFICER)**

TO THE HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant AMETEK, Inc., incorrectly named as "AMETEK, INC., individually and as successor to Schutte & Koerting" ("AMETEK")[1] hereby gives notice of the removal of the above-entitled action from the Court of Common Pleas of Philadelphia County, First Judicial District of Pennsylvania to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1442(a). In support, AMETEK offers the following:

---

[1] AMETEK is incorrectly named in the Complaint as "AMETEK, Inc., Individually and as successor-in-interest to Schutte & Koerting." Without waiving any successor liability arguments, AMETEK avers that Schutte & Koerting products were designed pursuant to military specifications for use in naval applications.

**I.   BACKGROUND**

1.   On or about June 27, 2022, Plaintiffs James Dougherty ("Mr. Dougherty") and Michelle Dougherty ("Mrs. Dougherty") (collectively, "Plaintiffs") commenced an action in the Court of Common Pleas of Philadelphia County, First Judicial District of Pennsylvania entitled *James Dougherty, III and Michelle Dougherty v. A.O. Smith Water Products Company, et. al.*, No. 220602483.  *See* Complaint, attached as **Exhibit A**.

2.   On July 12, 2022, AMETEK was served with a copy of the Complaint. *Id.*

3.   Plaintiffs incorrectly named AMETEK in the Complaint as "AMETEK, INC., individually and as successor to Schutte & Koerting" ("AMETEK"). *Id.*

4.   The Complaint alleges that Mr. Dougherty was exposed to asbestos-containing products throughout his work history, which includes military service and civilian employment:

   a. United States Navy, USS Voorhis – fireman and boiler technician (1964-1966);
   b. Trane Company, Dunmore, PA – assembly man and press operator (1966-1993);
   c. Schott North America, Inc. Duryea, PA – Retrieved products from the batch room and then placed products into high heat furnaces and then remove them from the furnaces (1994 - 1997);

*See* **Exhibit A**, ¶ 4.

5.   The Complaint further alleges that Mr. Dougherty contracted mesothelioma as a result of his exposure to asbestos-containing products.  *See* **Exhibit A**, ¶¶ 4.

6.   Plaintiffs allege that as a fireman and boiler technician aboard the USS Voorhis, Mr. Dougherty "maintained, inspected, repaired, and stood watch over the ship's boilers. He also performed and/or was present and in close proximity while others performed the following work on the above-mentioned defendants' [AMETEK] products: repairing, removing, and replacing asbestos- containing pumps, valves, steam traps, compressors, turbines, evaporators, deaerating tanks, air conditioning, and refrigeration plants, generators, and motors. He also performed

9

and/or was present and in close proximity while others performed the following work on the above-mentioned defendants' [AMETEK] products: installing and removing asbestos-containing pipe insulation, gaskets, and packing. The above mentioned products created visible asbestos-containing dust in the air that he inhaled." *Id*.

## II.     APPLICABLE LEGAL STANDARD

7.     AMETEK's Notice of Removal is timely in that it is filed within thirty (30) days of receipt, through service, of the Complaint by which AMETEK received its first notice of the facts indicating that the case was removable within the meaning of 28 U.S.C. §1446(b).

8.     Removal to the United States District Court for Eastern District of Pennsylvania is proper under 28 U.S.C. § 1441(a) because Plaintiffs initiated the State Court Action in the Court of Common Pleas of Philadelphia, which is located within the jurisdiction of this District.

9.     Removal is proper under 28 U.S.C. § 1442(a)(1), the federal officer removal statute, when the party seeking removal alleges facts demonstrating that:

   (1)     the defendant is a 'person' under the statute;

   (2)     there is a causal nexus between the plaintiffs' claims and the defendant's actions under federal direction; and

   (3)     the defendant has raised a colorable defense based upon federal law.

See Jefferson County v. Acker, 527 U.S. 423, 431 (1999); Mesa v. California, 489 U.S. 121, 124-25, 131-35 (1989); Hurley v. CBS Corp., 648 Fed. Appx. 299, Prod. Liab. Rep. (CCH) P 19844 (4th Cir. 2016) (applying Maryland law); see also Hagen v. Benjamin Foster Co., 739 F.3d 770, 776 (E.D.Pa. 2014) (citing Feidt v. Owens Corning Fiberglas Corp, 153 F.3d 124, 127 (3d Cir. 1998).

10. As stated more fully below, AMETEK satisfies all three (3) jurisdictional requirements, and, therefore, is entitled to remove this action pursuant to the federal officer removal statute.

### III. FEDERAL OFFICER REMOVAL IS APPROPRIATE UNDER 28 U.S.C. § 1442(A)

11. AMETEK is a "person" within the meaning of 28 U.S.C. § 1442(a). See Watson v. Philip Morris Cos., 551 U.S. 142, 153-54 (2007); Isaacson v. Dow Chemical Co., 517 F.3d 129, 135-36 (2d Cir. 2008) (corporate entities qualify as "persons" under § 1442(a)(1)).

12. AMETEK was, at the time of the commencement of the State Court Action and at all times thereafter, through and including the time of removal, a Delaware corporation.

13. AMETEK raises a colorable federal defense, namely, the government contractor defense, to Plaintiffs' claims. As set forth by the Supreme Court of the United States in Boyle v. United Technologies Corp., 487 U.S. 500, 512 (1988), the government contractor defense applies when:

> (1) the United States approved reasonably precise specifications;
>
> (2) the equipment conformed to those specifications; and
>
> (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States.

See Hagen, 739 F.3d at 776; Feidt, 153 F.3d 124, 127. "While the Court must require that the facts identified by Defendant [AMETEK] support the federal defense, the Court is not called upon at this preliminary stage to pierce the pleadings or dissect the facts stated. Nor is it the Court's function at this stage to determine credibility, weigh the quantum of evidence or discredit the source of the defense." Hagen, 739 F.3d at 783.

11

14. Federal officer removal should be interpreted broadly. See Sun Buick, Inc. v. Saab Cars USA, Inc., 26 F.3d 1259, 1261 (3d Cir. 1994); In re Asbestos Products Liability Litigation (No. VI), 770 F.Supp.2d 736, 742 (E.D.Pa. 2011); see also Hagen, 739 F.Supp.2d 770 (Robreno, J.) (holding that the record supporting removal should be viewed in the light most favorable to the removing defendant). "[T]he right of removal is absolute for conduct performed under color of federal office" and "should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." Arizona v. Manypenny, 451 U.S. 232, 242 (1981).

15. Plaintiffs base their claims against AMETEK, in whole or in part, on Mr. Dougherty's alleged exposure to asbestos while working as a fireman and boiler technician in the U.S. Navy, aboard the Naval vessel USS Voorhis from 1964 to 1966. Plaintiffs allege that while aboard these Naval vessels Mr. Dougherty was exposed to asbestos while working on or around equipment manufactured by AMETEK for and to the U.S. Navy.

16. Plaintiffs' claims against AMETEK depend, in whole or in part, on the actions taken by Schutte & Koerting in accordance and compliance with Navy specifications.

17. Schutte & Koerting was acting under the direction of the Navy within the meaning of 28 U.S.C. § 1442(a)(1) in the design and manufacture of its equipment for and to the Navy. Schutte & Koerting equipment at issue in this case was designed and manufactured pursuant to precise contracts and specifications approved by the Navy.

18. The Navy has, since the 1950's, issued Military Specifications (hereinafter "MILSPECS") for various equipment of the types manufactured by Schutte & Koerting. Moreover, compliance with the specifications for equipment to be used on Navy ships was directly monitored by Naval Machinery Inspectors. Unless Schutte & Koerting equipment was first determined to be in conformity with all applicable Navy specifications, it could not be

installed aboard Navy ships. Thus, Schutte & Koerting was acting under the direction of the Navy within the meaning of 28 U.S.C. § 1442(a)(1).

19. Pursuant to the government contractor defense, AMETEK cannot be liable for a negligent failure to warn of the dangers of asbestos under state law for any injuries caused by Schutte & Koerting equipment aboard a Navy vessel.  The Navy provided Schutte & Koerting with precise specifications regarding its equipment, and Schutte & Koerting delivered equipment in precise conformity therewith.  Based on the above, AMETEK has made a colorable showing on each prong of the government contractor defense, and therefore, is entitled to immunity from Plaintiffs' claims, either in whole or in part.

20. Given the Navy's direct and detailed control over the design and manufacture of Schutte & Koerting equipment, as detailed in paragraphs 16, 17, and 18 above, there exists a sufficient causal nexus between Plaintiffs' claims and Schutte & Koerting's actions.  See Hagen, 739 F.Supp.2d 770, 785 ("[T]he necessary casual connection exists because the liability Defendants face arises from their official duties, performed in accordance with a valid government contract."). See also Willingham v. Morgan, 395 U.S. 402, 409 (1969).

21. A casual nexus exists here because the very act that forms the basis of plaintiffs' claims—[Schutte & Koerting's] failure to warn about asbestos hazards—is an act that [AMETEK] contends it performed under the direction of the Navy. Winters v. Diamond Shamrock Co., 149 F.3d 387, 400 (5th Cir. 1998) (finding the causal nexus test satisfied when the government:  (1) provided the specifications for product composition, (2) compelled the defendant's manufacture of the product; and (3) supervised the defendant's actions).

22. AMETEK is not required to obtain the consent of any other defendants in this action in order to remove this action in its entirety under 28 U.S.C. § 1442(a)(1). See Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co., 644 F.2d 1310, 1314 (9th Cir. 1981).

23. As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon AMETEK are being filed herewith.

24. A Notice of Filing of Notice of Removal, along with a copy of this Notice of Removal, will be duly provided to the Clerk of the Court of Common Pleas of Philadelphia County for filing with the state court action and will be served upon all counsel of record.

25. AMETEK hereby requests a full and fair opportunity to brief, respond to, and argue against any motion for remand filed by Plaintiff.

WHEREFORE, Defendant AMETEK, INC. requests that this Honorable Court assume jurisdiction over this matter on removal from the Court of Common Pleas of Philadelphia County, First Judicial District of Pennsylvania.

> Respectfully submitted,
> AMETEK, Inc.,
> By its counsel,
>
> s/ Albert L. Piccerilli
> Albert L. Piccerilli
> Montgomery McCracken
> Walker & Rhoads LLP
> 1735 Market Street
> Philadelphia, PA 19103
> (215) 772-1500
> apiccerilli@mmwr.com

Dated: August 11, 2022