# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **JUNE 2022** |
| E-Filing Number: 2206053820 |
| **002483** |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JAMES E. DOUGHERTY | A.O. SMITH WATER PRODUCTS COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1466 DAY HOLLOW ROAD<br>OWEGO NY 13827 | 11270 WEST PARK PLACE<br>MILWAUKEE WI 53224 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| MICHELE A. DOUGHERTY | ABB, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1466 DAY HOLLOW ROAD<br>OWEGO NY 13827 | C/O CT CORPORATION SYSTEM 160 MINE LAKE ST.,<br>SUITE 200<br>RALEIGH NC 27615 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | ALFA LAVAL INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | C/O CT CORPORATION SYSTEM 600 NORTH 2ND STREET,<br>STE 401<br>HARRISBURG PA 17101 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 52 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less | [ ] Arbitration | [X] Mass Tort | [ ] Commerce  [ ] Settlement |
| [X] More than $50,000.00 | [ ] Jury | [ ] Savings Action | [ ] Minor Court Appeal  [ ] Minors |
| | [ ] Non-Jury | [ ] Petition | [ ] Statutory Appeals  [ ] W/D/Survival |
| | [ ] Other: | | |

| CASE TYPE AND CODE |
|---|
| T1 - MASS TORT - ASBESTOS |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO<br>COORDINATION ORDER? |
|---|---|---|
| | **FILED**<br>**PRO PROTHY**<br>JUN **27** 2022<br>**A. STAMATO** | YES          NO |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>JAMES E DOUGHERTY , MICHELE A DOUGHERTY</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JASON P. YAMPOLSKY | 230 S BROAD ST<br>SUITE 1010<br>PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (800)358-5922 | (314)241-4838 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 324961 | jyampolsky@mrhfmlaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| JASON YAMPOLSKY | Monday, June 27, 2022, 05:39 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

1. A.O. SMITH WATER PRODUCTS COMPANY
   11270 WEST PARK PLACE
   MILWAUKEE WI 53224
2. ABB, INC.
   C/O CT CORPORATION SYSTEM 160 MINE LAKE ST., SUITE 200
   RALEIGH NC 27615
3. ALFA LAVAL INC.
   C/O CT CORPORATION SYSTEM 600 NORTH 2ND STREET, STE 401
   HARRISBURG PA 17101
4. AMETEK, INC. INDIVIDUALLY AND AS SUCCESSOR TO SCHUTTE & KOER
   C/OCORPORATION SERVICE COMPANY 80 STATE STREET
   ALBANY NY 12207
5. AMITROL, INC. INDIVIDUALLY AND AS SUCCESSOR TO THRUST PRODUC
   C/O CT CORPORATION SYSTEM 450 VETERAN MEMORIAL PARKWAY SUITE 7A
   EAST PROVIDENCE RI 02914
6. ARMSTRONG INTERNATIONAL, INC.
   900 MAPLE STREET
   THREE RIVERS MI 49093
7. AURORA PUMP COMPANY
   C/O SPX CORPORATION 6325 ARDREY KELL ROAD
   CHARLOTTE NC 28277
8. BLACKMER
   1809 CENTURY AVENUE SW
   GRAND RAPIDS MI 49503
9. BW/IP, INC., AND ITS WHOLLY-OWNED SUBSIDIARIES
   5215 NORTH O'CONNELL BLVD SUITE 2300
   IRVING TX 75039
10. CARRIER CORPORATION
    C/O UNITED AGENT GROUP INC. 1001 STATE STREET, #1400
    ERIE PA 16501
11. CLEAVER-BROOKS, INC.
    C/OCORPORATION SERVICE COMPANY 251 LITTLE FALLS DRIVE
    WILMINGTON DE 19808
12. CROSBY VALVE, LLC
    C/O CT CORPORATION SYSTEM 155 FEDERAL ST. SUITE 700
    BOSTON MA 02110
13. DCO, LLC, F/K/A DANA COMPANIES, INDIVIDUALLY AND AS SUCCESSO
    C/O CT CORPORATION SYSTEM 4701 COX RD., SUITE 285
    GLEN ALLEN VA 23060
14. EATON CORPORATION, AS SUCCESSOR-IN-INTEREST TO EATON ELECTRI
    C/O CT CORPORATION SYSTEM 600 NORTH 2ND STREET, STE 401
    HARRISBURG PA 17101
15. ELECTROLUX HOME PRODUCTS, INC., AS SUCCESSOR-IN-INTEREST TO
    C/O CT CORPORATION SYSTEM 28 LIBERTY STREET
    NEW YORK NY 10005
16. ELLIOT COMPANY
    C/O CT CORPORATION SYSTEM 600 NORTH 2ND STREET, STE 401
    HARRISBURG PA 17101
17. FEDERAL MOGUL ASBESTOS PERSONAL INJURY TRUST, AS SUCCESSOR T
    C/O WILMINGTON TRUST SP SERVICES, INC.  1105 N. MARKET ST., STE 1300
    WILMINGTON DE 19801
18. FIVES GIDDINGS & LEWIS, LLC
    C/O CT CORPORATION SYSTEM 301 S. BEDFORD STREET, STE 1
    MADISON WI 53703
19. FLOWSERVE U.S., INC., SOLELY AS SUCCESSOR TO ROCKWELL MANUFA
    C/O CT CORPORATION SYSTEM 600 NORTH 2ND STREET, STE 401
    HARRISBURG PA 17101
20. FLOWSERVE U.S., INC. F/K/A THE DURIRON COMPANY, INC.
    C/O CT CORPORATION SYSTEM 600 NORTH 2ND STREET, STE 401
    HARRISBURG PA 17101
21. FMC CORPORATION, ON BEHALF OF ITS FORMER CHICAGO PUMP, PEERL
    C/O CT CORPORATION SYSTEM 600 NORTH 2ND STREET, STE 401
    HARRISBURG PA 17101

22. FOSTER WHEELER, LLC SURVIVOR TO A MERGER WITH FOSTER WHEELER
    C/O UNITED AGENT GROUP INC. 3411 SILVERSIDE ROAD #104 TATNALL BUILDING
    WILMINGTON DE 19810
23. GARDNER DENVER, INC.
    C/O CT CORPORATION SYSTEM 600 NORTH 2ND STREET, STE 401
    HARRISBURG PA 17101
24. GENERAL DYNAMICS CORPORATION
    C/O THE CORPORATION TRUST COMPANY 1209 ORANGE STREET
    WILMINGTON DE 19801
25. GENERAL ELECTRIC COMPANY
    C/O CT CORPORATION SYSTEM 600 NORTH 2ND STREET, STE 401
    HARRISBURG PA 17101
26. GOULD ELECTRONICS, INC.
    C/O CT CORPORATION SYSTEM 3800 N. CENTRAL AVE, STE 460
    PHOENIX AZ 85102
27. GOULDS PUMPS LLC
    C/O CT CORPORATION SYSTEM 600 NORTH 2ND STREET, STE 401
    HARRISBURG PA 17101
28. GRINNELL, LLC
    C/O CT CORPORATION SYSTEM 600 NORTH 2ND STREET, STE 401
    HARRISBURG PA 17101
29. HENRY TECHNOLOGIES, INC., F/K/A HENRY VALVE COMPANY
    C/O ILLINOIS CORPORATION SERVICE COMPANY 801 ALDAI STEVENSON DR.
    SPRINGFIELD IL 62703
30. HONEYWELL INTERNATIONAL, INC. F/K/A ALLIEDSIGNAL, INC., AS S
    C/OCORPORATION SERVICE COMPANY 2595 INTERSTATE DRIVE, STE 103
    HARRISBURG PA 17110
31. IMO INDUSTRIES, INC.
    C/O CT CORPORATION SYSTEM 600 NORTH 2ND STREET, STE 401
    HARRISBURG PA 17101
32. ITT LLC F/K/A ITT CORP., BELL & GOSSETT CO., FOSTER ENGINEER
    C/O CT CORPORATION SYSTEM 28 LIBERTY STREET
    NEW YORK NY 10005
33. LEBLOND LTD.
    C/O CALFEE, HALTER & GRISWOLD  LLP, ATTN: JENNIFER L. WHITT 1405 EAST 6TH
STREET
    CLEVELAND OH 44114
34. METROPOLITAN LIFE INSURANCE COMPANY
    C/O CT CORPORATION SYSTEM 600 NORTH 2ND STREET, STE 401
    HARRISBURG PA 17101
35. PAR SYSTEMS, LLC
    C/O NATIONAL REGISTERED AGENTS INC. 1010 DALE ST. N.
    ST. PAUL MN 55117
36. PARAMOUNT GLOBAL, F/K/A VIACOMCBS INC., F/K/A CBS CORPORATIO
    C/OCORPORATION SERVICE COMPANY 2595 INTERSTATE DRIVE, STE 103
    HARRISBURG PA 17110
37. REDCO CORPORATION FORMERLY KNOWN AS CRANE CO.
    C/O CT CORPORATION SYSTEM 600 NORTH 2ND STREET, STE 401
    HARRISBURG PA 17101
38. ROBERTSHAW CONTROLS COMPANY
    C/O REGISTERED AGENT SOLUTIONS INC. 838 WALKER RD., STE 21-2
    DOVER DE 19904
39. SPIRAX SARCO, INC.
    C/O CT CORPORATION SYSTEM 600 NORTH 2ND STREET, STE 401
    HARRISBURG PA 17101
40. TACO, INC.
    C/OCORPORATION SERVICE COMPANY 222 JEFFERSON BOULEVARD SUITE 200
    WARWICK RI 02888
41. THE GOODYEAR TIRE & RUBBER COMPANY
    C/OCORPORATION SERVICE COMPANY 80 STATE STREET
    ALBANY PA 12207
42. THE J.R. CLARKSON COMPANY, SUCCESSOR BY MERGER TO KUNKLE IND
    C/O CT CORPORATION SYSTEM 701 S. CARSON ST., STE 200
    CARSON CITY NV 89701

43. THE NASH ENGINEERING COMPANY
    C/O CT CORPORATION SYSTEM GOODWIN SQUARE, 225 ASYLUM ST. 20TH FLOOR
    HARTFORD CT 06103
44. VALVES AND CONTROLS US, INC., F/K/A WEIR VALVES & CONTROLS U
    C/O CT CORPORATION SYSTEM 28 LIBERTY STREET
    NEW YORK NY 10005
45. VELAN VALVE CORPORATION
    94 AVENUE C
    WILLISTON VT 05495
46. WARREN PUMPS LLC
    C/O CT CORPORATION SYSTEM 1209 ORANGE STREET
    WILMINGTON DE 19801
47. WATTS REGULATER CO.
    C/O CT CORPORATION SYSTEM 155 FEDERAL ST. SUITE 700
    BOSTON MA 02110
48. WATTS WATER TECHNOLOGIES, INC.
    C/O CT CORPORATION SYSTEM 155 FEDERAL ST. SUITE 700
    BOSTON MA 02110
49. YORK INTERNATIONAL CORPORATION
    C/O CT CORPORATION SYSTEM 301 S. BEDFORD STREET, STE 1
    MADISON WI 53703
50. ZURN INDUSTRIES, LLC
    C/O CT CORPORATION SYSTEM 28 LIBERTY STREET
    NEW YORK NY 10005
51. AIR & LIQUID SYSTEMS CORPORATION, SUCCESSOR-BY-MERGER TO BUF
    C/OCORPORATION SERVICE COMPANY 2595 INTERSTATE DRIVE, STE 103
    HARRISBURG PA 17110
52. THE NASH ENGINEERING COMPANY
    C/O CT CORPORATION SYSTEM GOODWIN SQUARE, 225 ASYLUM ST. 20TH FLOOR
    HARTFORD CT 06103

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION - CIVIL

DOUGHERTY ETAL VS A.O.
SMITH WATER PRODUCTS
COMPANY ETAL

_2022_ TERM _JUNE_____

No. _02483_____

## IN RE:  ASBESTOS LITIGATION - OCTOBER TERM 1986, NO. 0001

## MASTER CASE MANAGEMENT ORDER FOR
## ASBESTOS-RELATED PERSONAL INJURY CLAIMS

It is the goal of this Court to secure the just, expeditious and cost-effective determination of each personal injury case involving exposure to asbestos or asbestos-containing products pending or hereafter filed in the Court of Common Pleas of Philadelphia County to eliminate duplication of effort, prevent unnecessary paperwork and promote judicial economy.

In order to achieve these objectives, this 1st day of December, 2010, the Court enters the following Case Management Order for personal injury cases involving exposure to asbestos or asbestos-containing products.

This Case Management Order supersedes all prior Case Management Orders entered in the Asbestos Litigation and shall apply to all cases currently pending and hereafter filed in this Court.

## I.   PLEADINGS
A.    Short Form Complaints

A Short Form Complaint shall be filed and served in every case in accordance with the Pennsylvania Rules of Civil Procedure.  Plaintiffs may incorporate by reference the Master Long Form Complaints filed on the above-captioned docket.

The Short Form Complaint shall contain the information required by Philadelphia Civil Rule *1019.1(B), to the extent consistent with the Pennsylvania Rules of Civil Procedure.

A Short Form Complaint that contains premises liability claims shall include the name and address of each work site in which the plaintiff alleges exposure to asbestos and the dates during which the plaintiff or the decedent worked at each such work site.

B.    Preliminary Objections

In response to each Short Form Complaint, the defendant may file preliminary objections, if deemed appropriate, in accordance with the Pennsylvania Rules of Civil Procedure and Philadelphia Civil Rule *1028.  The preliminary objections shall be filed in letter brief format rather than motion package format.  Its caption must specify "Asbestos Litigation" and name opposing counsel.  Facts, issues and pertinent case law should be included.  Each motion must include a proposed order.

C.    Answers to Complaints

Defendant's answers to complaints are governed by Rule 1041.1 of the Pennsylvania Rules of Civil Procedure.

## II.   GIFFEAR DOCKET

Cases that do not state a valid claim pursuant to <u>Giffear v. Johns-Manville Corp.</u>, 632 A.2d 880 (Pa.Super. 1993), <u>aff'd sub nom. Simmons v. Pacor, Inc.</u>, 674 A.2d 232 (Pa.1996), shall be placed on an inactive docket.

To reactivate a case which has been discontinued pursuant to <u>Giffear</u>, a Motion to Reactivate must be filed and include all necessary medical reports supporting said motion. The motion shall be filed in letter brief format consistent with the Mass Tort Motion procedures.

## III.   DISCOVERY

The following deadlines shall apply for the completion of discovery and the exchange of expert reports:
<u>180 Days prior to jury selection-</u>
Plaintiffs shall serve answers to Defendants' Master Interrogatories and Requests for Production Directed to Plaintiffs, including information relating to Bankruptcy Trust Filings.

Plaintiffs shall forward the identification of all health care providers along with addresses to defense counsel and RecordTrak.

Plaintiffs shall forward HIPAA compliant authorizations signed by plaintiffs to RecordTrak.

<u>120 days prior to jury selection-</u>

Plaintiffs shall serve medical, economic and liability expert reports.

Plaintiffs shall produce to lead defense counsel all diagnostic materials in the possession of plaintiffs or their counsel and all diagnostic material reviewed by plaintiffs' experts.  This includes, but is not limited to, x-rays, CT scans, pathology and cytology.

Plaintiffs shall serve product identification witness lists identifying the defendants the witnesses are expected to identify.

<u>100 days prior to jury selection</u>-- Completion of plaintiffs' depositions.

<u>90 days prior to jury selection</u>-- Completion of all co-worker depositions.

<u>45 days prior to jury selection</u>-- Defendants shall serve medical and economic expert reports.

<u>10 days prior to jury selection</u>--Defendants shall serve expert liability reports.

## IV.   STIPULATIONS OF DISMISSAL

1.    If a plaintiff has agreed to stipulate to the dismissal of a defendant, the defendant (hereinafter the "Stipulated Defendant") shall prepare a Stipulation of Dismissal.
2.    The Stipulated Defendant shall circulate the Stipulation of Dismissal to all defense

counsel by letter, stating that any party has ten (10) days from the date of the letter to object to the dismissal of the Stipulated Defendant.

3.    If a party objects to the dismissal of the Stipulated Defendant, the objecting party shall notify the Stipulated Defendant in writing of the basis for the objection.

4.    If, after the expiration of the ten (10) day period, no objections are received by the Stipulated Defendant, the Stipulation of Dismissal may be electronically filed with the Court as unopposed.

5.    The package electronically filed with the Court shall include the signed Stipulation of Dismissal and a cover letter stating no objections have been raised within the ten (10) day period.

6.    Service of the Court-approved Stipulation of Dismissal shall be effectuated via the Court's electronic filing system on all parties of record.

## V.   MOTION PRACTICE AND PROCEDURE

All summary judgment motions shall be filed in accordance with the Revised Asbestos Summary Judgment Motion Procedures, a copy of which is attached hereto. In addition, to prevent the filing of unnecessary motions, five (5) days prior to the deadline for filing summary judgment motions (or 85 days prior to jury selection) Plaintiffs' counsel are to serve upon all parties to a case, a 'Dismissal Letter' indicating all defendants which Plaintiff will voluntarily dismiss from that case.

All other motions, including motions for *forum non conveniens*, motions to amend complaints, motions to compel, motions to enforce settlements, etc., shall be filed in accordance with the Revised Mass Tort Motion Procedures, a copy of which is attached hereto.

## VI.   TRIAL SCHEDULING

The dates for all scheduled trials will be published each Monday in The *Legal Intelligencer*.

## VII.   DEADLINES FOR CASES THAT MOVE TO NEW TRIAL GROUPS

If any case is moved, with the consent of the Court, from its original trial group to a later trial group, all discovery and motions deadlines for the later group will apply. Any summary judgment motions filed prior to moving the case will be considered moot and must be re-filed in accordance with the deadlines for the group to which the case has been moved, except for cases where the motion deadline for the new group has already passed at the time the case is moved. For those cases, motions will remain open and need not be re-filed. Those motions remaining open shall be decided by the Coordinating Judge in accordance with the deadlines for the new group.

## VIII.   CALL OF THE LIST

A brief call of the asbestos list will be conducted every Monday at 11:00 a.m. The Court will conduct general asbestos business and call those cases listed for trial for the following month.Knowledgeable representatives of each party involved in the next month's scheduled trials shall attend.

A meeting of the Asbestos Kitchen Cabinet will be conducted on the first Monday of each month, following the call of the list.

## IX.   SANCTIONS

Failure to comply with any deadlines set forth in the Case Management Order may result in the imposition of appropriate sanctions, including dismissal.

BY THE COURT:

**ARNOLD L. NEW**
**TEAM LEADER**

MAUNE RAICHLE HARTLEY
FRENCH & MUDD, LLC
By: Jason Yampolsky, Esquire
Identification No. 324961
230 S. Broad Street, Suite 1010
Philadelphia, PA 19102
(800) 358-5922

Attorneys for Plaintiffs



Filed and Attested by the
Office of Judicial Records
27 JUN 2022 05:39 pm
A. STAMATO

| | |
|---|---|
| **JAMES EDWARD DOUGHERTY, III, and MICHELE A. DOUGHERTY, his wife** 1466 Day Hollow Road Owego, NY 13827 : : : : : : | COURT OF COMMON PLEA PHILADELPHIA COUNTY JUNE TERM, 2022 |
| Plaintiffs, : : : | NO. |
| vs. : : : | |
| **A.O. SMITH WATER PRODUCTS COMPANY** et *al.,* : : : : : | ASBESTOS CASE |
| Defendants. : : | JURY TRIAL DEMANDED |

### SHERIFF'S LIST

**AIR & LIQUID SYSTEMS CORPORATION,**
**successor-by-merger to Buffalo Pumps, Inc.**
**c/o Corporation Service Company**
**2595 Interstate Drive Suite 103**
**Harrisburg, PA 17110**

                                                           **DAUPHIN COUNTY**

**ALFA LAVAL INC.**
**c/o CT Corporation System**
**600 North 2nd Street, Suite 401**
**Harrisburg, PA 17101**

                                                           **DAUPHIN COUNTY**

**CARRIER CORPORATION**
**c/o United Agent Group Inc.**
**1001 State Street, #1400**
**Erie, PA 16501**

                                                           **ERIE COUNTY**

Case ID: 220602483

CLEAVER-BROOKS, INC., f/k/a Cleaver-Brooks,           **DAUPHIN COUNTY**
a division of Aqua-Chem, Inc.
c/o Corporation Service Company
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110

EATON CORPORATION, as successor-in-interest       **DAUPHIN COUNTY**
to Eaton Electrical, Inc., Cutler-Hammer, Inc., and
the Wright-Austin Company
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA  17101

ELLIOTT COMPANY                                **DAUPHIN COUNTY**
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

FLOWSERVE U.S., INC., as successor in             **DAUPHIN COUNTY**
interest to Durametallic Corporation, Rockwell
Manufacturing Company, Edward Valves, Inc.,
Nordstrom Valves, Inc., and Edward Vogt
Valve Company
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

FLOWSERVE U.S., INC. F/K/A/ THE DURIRON    **DAUPHIN COUNTY**
COMPANY, INC.
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

FMC CORPORATION, on behalf of its former       **DAUPHIN COUNTY**
Chicago Pump, Peerless Pump and Northern
Pump Businesses
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

GARDNER DENVER, INC.                          **DAUPHIN COUNTY**
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

**GENERAL ELECTRIC COMPANY**
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

**DAUPHIN COUNTY**

**GOODRICH CORPORATION f/k/a The BF**
**Goodrich Company**
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

**DAUPHIN COUNTY**

**GOULDS PUMPS LLC**
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

**DAUPHIN COUNTY**

**GRINNELL, LLC**
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

**DAUPHIN COUNTY**

**HONEYWELL INTERNATIONAL, INC., f/k/a**
**AlliedSignal, Inc., as successor-in-interest to The**
**Bendix Corporation, Cincinnati Milling Machine**
**Company, and Warner & Swasey Company**
c/o Corporation Service Company
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110

**DAUPHIN COUNTY**

**IMO INDUSTRIES, INC., Individually and as**
**successor-in-interest DeLaval Turbine Inc.**
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

**DAUPHIN COUNTY**

**PARAMOUNT GLOBAL, f/k/a ViacomCBS Inc.,**
**f/k/a CBS Corporation, a Delaware corporation,**
**f/k/a/ Viacom Inc., successor by merger to CBS**
**Corporation, a Pennsylvania corporation, f/k/a**
**Westinghouse Electric Corporation**
c/o Corporation Service Company
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110

**DAUPHIN COUNTY**

**REDCO CORPORATION formerly known**
**as Crane Co.**
**c/o CT Corporation System**
**600 North 2nd Street, Suite 401**
**Harrisburg, PA  17101**

**SPIRAX SARCO, INC.**
**c/o CT Corporation System**
**600 North 2nd Street, Suite 401**
**Harrisburg, PA 17101**

**DAUPHIN COUNTY**

**DAUPHIN COUNTY**

Case ID: 220602483

MAUNE RAICHLE HARTLEY
FRENCH & MUDD, LLC
By: Jason Yampolsky, Esquire
Identification No. 324961
230 S. Broad Street, Suite 1010
Philadelphia, PA 19102
(800) 358-5922

**Attorneys for Plaintiffs**

| | | |
|---|---|---|
| **JAMES EDWARD DOUGHERTY, III, and MICHELE A. DOUGHERTY, his wife** 1466 Day Hollow Road Owego, NY 13827 | : : : : : | COURT OF COMMON PLEA PHILADELPHIA COUNTY JUNE TERM, 2022 |
| Plaintiffs, | : : | NO. |
| vs. | : : | |
| **A.O. SMITH WATER PRODUCTS COMPANY** et *al.*, | : : : | ASBESTOS CASE |
| Defendants. | : : : | JURY TRIAL DEMANDED |

## DEFENDANTS' LIST

| | |
|---|---|
| **A.O SMITH WATER PRODUCTS COMPANY** 11270 West Park Place Milwaukee, WI 53224 | **GOULD ELECTRONICS, INC.** c/o CT Corporation System 3800 N Central Avenue, Suite 460 Phoenix, AZ 85012 |
| **ABB, INC.** c/o CT Corporation System 160 Mine Lake Ct, Suite 200 Raleigh, NC 27615 | **GOULDS PUMPS LLC** c/o CT Corporation System 600 North 2nd Street, Suite 401 Harrisburg, PA 17101 |
| **ALFA LAVAL INC.** c/o CT Corporation System 600 North 2nd Street, Suite 401 Harrisburg, PA 17101 | **GRINNELL, LLC** c/o CT Corporation System 600 North 2nd Street, Suite 401 Harrisburg, PA 17101 |

| | |
|---|---|
| AIR & LIQUID SYSTEMS CORPORATION, successor-by-merger to Buffalo Pumps, Inc. c/o Corporation Service Company 2595 Interstate Drive Suite 103 Harrisburg, PA 17110 | HENRY TECHNOLOGIES, INC., f/k/a Henry Valve Company c/o Illinois Corporation Service Company 801 Adlai Stevenson Drive Springfield, IL 62703 |
| AMETEK, INC., individually and as successor to Schutte & Koerting c/o Corporation Service Company 80 State Street Albany, NY 12207-2543 | HONEYWELL INTERNATIONAL, INC., f/k/a AlliedSignal, Inc., as successor-in-interest to The Bendix Corporation, Cincinnati Milling Machine Company, and Warner & Swasey Company c/o Corporation Service Company 2595 Interstate Drive, Suite 103 Harrisburg, PA 17110 |
| AMTROL, INC., Individually and as successor to Thrush Products, Inc. c/o CT Corporation System 450 Veterans Memorial Parkway, Suite 7A East Providence, RI 02914 | IMO INDUSTRIES, INC. c/o CT Corporation System 600 North 2nd Street, Suite 401 Harrisburg, PA 17101 |
| ARMSTRONG INTERNATIONAL, INC. 900 Maple Street Three Rivers, MI 49093 | ITT LLC f/k/a ITT Corp., Bell & Gossett Co., Foster Engineering, Kennedy Valve Mfg. Co., Inc., Lawler Automatic Controls, Inc., and Hoffman Specialty Manufacturing Co. c/o CT Corporation System 28 Liberty Street New York, NY 10005 |
| AURORA PUMP COMPANY c/o SPX Corporation 6325 Ardrey Kell Road Charlotte, NC 28277 | |
| BLACKMER 1809 Century Avenue SW Grand Rapids, MI 49503 | LEBLOND LTD. c/o Calfee, Halter & Griswold LLP Attn: Jennifer L. Whitt 1405 East 6th Street Cleveland, OH 44114 |
| BW/IP, INC. and Its Wholly-Owned Subsidiaries 5215 North O'Connor Blvd, Suite 2300 Irving, TX 75039 | METROPOLITAN LIFE INSURANCE COMPANY c/o CT Corporation System 600 North 2nd Street, Suite 401 Harrisburg, PA 17101 |
| CARRIER CORPORATION c/o United Agent Group Inc. 1001 State Street, #1400 Erie, PA 16501 | |
| CLEAVER-BROOKS, INC. c/o Corporation Service Company 251 Little Falls Drive Wilmington, DE 19808 | PAR SYSTEMS, LLC c/o National Registered Agents, Inc. 1010 Dale St. N. St. Paul, MN 55117 |

CROSBY VALVE, LLC
c/o CT Corporation System
155 Federal St. Suite 700
Boston, MA 02110

DCO, LLC, f/k/a Dana Companies,
Individually and successor-in-interest to
Victor Gasket Manufacturing Company
and Spicer Parts
c/o CT Corporation System
4701 Cox Rd., Suite 285
Glen Allen, VA 23060

EATON CORPORATION, as successor-in-
interest to Eaton Electrical, Inc., Cutler-
Hammer, Inc., and the Wright-Austin
Company
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA  17101

ELECTROLUX HOME PRODUCTS,
INC., as successor-in-interest to Copes-
Vulcan
c/o CT Corporation System
28 Liberty Street
New York, NY 10005

ELLIOTT COMPANY
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

FEDERAL MOGUL ASBESTOS
PERSONAL INJURY TRUST, as
Successor to Felt Products Manufacturing
Co.
c/o Wilmington Trust SP Services, Inc.
1105 N. Market Street, Suite 1300
Wilmington, DE 19801

FIVES GIDDINGS & LEWIS, LLC
c/o CT Corporation System
301 S Bedford Street, Suite 1
Madison, WI 53703

PARAMOUNT GLOBAL, f/k/a
ViacomCBS Inc., f/k/a CBS Corporation, a
Delaware corporation, f/k/a/ Viacom Inc.,
successor by merger to CBS Corporation, a
Pennsylvania corporation, f/k/a
Westinghouse Electric Corporation
c/o Corporation Service Company
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110

REDCO CORPORATION formerly
known as Crane
Co.
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA  17101

ROBERTSHAW CONTROLS
COMPANY
c/o Registered Agent Solutions Inc.
838 Walker Road, Suite 21-2
Dover, DE 19904

SPIRAX SARCO, INC.
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

TACO, INC.
c/o Corporation Service Company
222 Jefferson Boulevard, Suite 200
Warwick, RI 02888

THE GOODYEAR TIRE & RUBBER
COMPANY
c/o Corporation Service Company
80 State Street
Albany, NY 12207

THE J.R. CLARKSON COMPANY,
successor by merger to Kunkle Industries,
Inc., and J.E. Lonergan Company
c/o CT Corporation System
701 S Carson Street, Suite 200
Carson City, NV 89701

| | |
|---|---|
| **FLOWSERVE U.S., INC., solely as successor to Rockwell Manufacturing Company, Edward Valves, Inc., Nordstrom Valves, Inc., and Edward Vogt Valve Company** c/o CT Corporation System 600 North 2nd Street, Suite 401 Harrisburg, PA 17101 | **THE NASH ENGINEERING COMPANY** c/o CT Corporation System Goodwin Square, 225 Asylum Street, 20th Floor Hartford, CT 06103 |
| **FLOWSERVE U.S., INC. F/K/A THE DURIRON COMPANY, INC.** c/o CT Corporation System 600 North 2nd Street, Suite 401 Harrisburg, PA 17101 | **VALVES AND CONTROLS US, INC., f/k/a Weir Valves & Controls USA, Inc., f/k/a Atwood & Morrill Co., Inc.** c/o CT Corporation System 28 Liberty Street New York, NY 10005 |
| **FMC CORPORATION, on behalf of its former Chicago Pump, Peerless Pump and Northern Pump Businesses** c/o CT Corporation System 600 North 2nd Street, Suite 401 Harrisburg, PA 17101 | **VELAN VALVE CORPORATION** 94 Avenue C Williston, VT 05495 |
| **FOSTER WHEELER, LLC** Survivor to a merger with Foster Wheeler Corporation c/o United Agent Group, Inc. 3411 Silverside Road, #104 Tatnall Building Wilmington, DE 19810 | **WARREN PUMPS LLC** c/o CT Corporation System 1209 Orange Street Wilmington, DE 19801 |
| **GARDNER DENVER, INC.** c/o CT Corporation System 600 North 2nd Street, Suite 401 Harrisburg, PA 17101 | **WATTS REGULATER CO.** c/o CT Corporation System 155 Federal Street, Suite 700 Boston, MA 02110 |
| **GENERAL DYNAMICS CORPORATION** c/o The Corporation Trust Company 1209 Orange Street Wilmington, DE 19801 | **WATTS WATER TECHNOLOGIES, INC.** c/o CT Corporation System 155 Federal Street, Suite 700 Boston, MA 02110 |
| **GENERAL ELECTRIC COMPANY** c/o CT Corporation System 600 North 2nd Street, Suite 401 Harrisburg, PA 17101 | **YORK INTERNATIONAL CORPORATION** c/o CT Corporation System 301 S. Bedford Street, Suite 1 Madison, WI 53703 |
| | **ZURN INDUSTRIES, LLC** c/o CT Corporation Systems 28 Liberty Street New York, NY 10005 |

**MAUNE RAICHLE HARTLEY**
**FRENCH & MUDD, LLC**
**By: Jason Yampolsky, Esquire**
**Identification No. 324961**
**230 S. Broad Street, Suite 1010**
**Philadelphia, PA 19102**
**(800) 358-5922**

**Attorneys for Plaintiffs**

| | |
|---|---|
| **JAMES EDWARD DOUGHERTY, III, and** | COURT OF COMMON PLEA |
| **MICHELE A. DOUGHERTY, his wife** | |
| 1466 Day Hollow Road | PHILADELPHIA COUNTY |
| Owego, NY 13827 | |
| | JUNE TERM, 2022 |
| Plaintiffs, | NO. |
| vs. | |
| | ASBESTOS CASE |
| **A.O. SMITH WATER PRODUCTS COMPANY** | |
| **et *al.,*** | |
| | JURY TRIAL DEMANDED |
| Defendants. | |

<u>**CIVIL ACTION COMPLAINT**</u>

Plaintiffs incorporate by reference Plaintiffs' Master Long Form Complaint In Re:

Asbestos Litigation in Philadelphia County Court of Common Pleas, filed as of DECEMBER

Term 1986, No. 8610-0001. Pursuant to an Order dated NOVEMBER 30, 1986, and signed by the

Honorable Richard B. Klein, the following Short Form Complaint is utilized in this asbestos action.

1. This Complaint involves the claims of the following persons:

  a) Plaintiffs

    Name:    James Edward Dougherty, III
    Address:   1466 Day Hollow Road
           Owego, NY 13827
    Social Security: xxx-xx-6062
    Date of Birth:  8/10/1945

    Name:    Michele A. Dougherty

Address:          1466 Day Hollow Road
                  Owego, NY 13827
Social Security:  xxx-xx-5751
Date of Birth:    10/31/1962

2.    The Defendants are those companies listed in the caption.

3.    Plaintiffs hereby incorporate by reference the following Counts from the Master Long Form Complaint: Counts I, II, III, IV, VII, and X.

4.    Plaintiff James Edward Dougherty, III's asbestos exposure is as follows:

a.    From 1964 to 1966, Mr. Dougherty served in the United States Navy. He was stationed on the USS Voorhis, first as a fireman and then as a boiler technician. On a regular and frequent basis, Mr. Dougherty maintained, inspected, repaired, and stood watch over the ship's boilers. He also performed and/or was present and in close proximity while others performed the following work on the above-mentioned defendants' products: repairing, removing, and replacing asbestos-containing pumps, valves, steam traps, compressors, turbines, evaporators, deaerating tanks, air conditioning and refrigeration plants, generators, and motors. He also performed and/or was present and in close proximity while others performed the following work on the above-mentioned defendants' products: installing and removing asbestos-containing pipe insulation, gaskets, and packing. The above-mentioned work with the above-mentioned products created visible asbestos-containing dust in the air that he inhaled.

b.    From 1966 to 1993, Mr. Dougherty worked at the Trane Company in

Dunmore, Pennsylvania as an assembly man and press operator, among other things. The facility at which he worked manufactured heating and air conditioning units. He worked near the machine shop where lathes, milling machines, boring mills, and drill presses were operated and repaired. He also worked in close proximity to the maintenance shop where various pieces of equipment, including asbestos-containing motors, were repaired. His working conditions were dusty. The repair and maintenance of this equipment created asbestos-containing dust that he inhaled.

c.      From 1994 to 1997, Mr. Dougherty worked at Schott North America, Inc. in Duryea, Pennsylvania. His job was to retrieve products from the batch room and then place products into high heat furnaces and then remove them from the furnaces after they were heated to varying temperatures for varying amounts of time. Mr. Dougherty was present and in close proximity while maintenance workers performed their duties, which included disassembly and repair of various pieces of equipment that may have contained asbestos. As a result, Mr. Dougherty more likely than not was exposed to asbestos-containing dust.

d.      As a result of inhaling and being exposed to asbestos fibers from the above-mentioned defendants' products, and from his employment at Schott North America, Inc., Plaintiff developed mesothelioma.

e.      Plaintiff worked with a number of the above-mentioned products that were sold or shipped through Philadelphia, Pennsylvania. The above-mentioned companies and defendants sold and purchased products from Philadelphia

Case ID: 220602483

locations, negotiated contracts within Philadelphia, and used and/or benefited from conducting business in Philadelphia.

5.    Plaintiff James Edward Dougherty, III was diagnosed as having mesothelioma on or about February 23, 2022. Plaintiff's mesothelioma was a direct and proximate result of his exposure to asbestos. This exposure arose from his aforementioned work history.

6.    Plaintiff's smoking history (if any):

    a.    none.

7.    Plaintiff's wages during his last full year of employment were:

To be supplied.

8.    Plaintiff's dependent is: MICHELE A. DOUGHERTY

9.    Employer Defendant Count

The allegations set forth in Count VII in the Master Long Form Complaint In Re: Asbestos Litigation are hereby made against the following employer: Defendant SCHOTT NORTH AMERICA, INC., for whom Plaintiff was employed during the following time pursuant to the case of Tooey v. AK Steel Corporation, 81 A.3d 851 (Pa. 2013).

    a.    As an employee of Schott North America, Inc. in Duryea, Pennsylvania, working in Pennsylvania, Plaintiff more likely than not worked around asbestos-containing products from 1994 to 1997. More likely than not, Plaintiff was exposed to asbestos fibers on a regular basis. Plaintiff worked around asbestos and asbestos-containing materials and products present and being used throughout the Schott North America, Inc. facilities. His work took him to various areas within the facilities.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly, severally and/or

in the alternative, for such damages as may be permitted pursuant to the laws of Pennsylvania, in the amount of Ten Million Dollars ($10,000,000.00) together with interest thereon, cost of suit and attorneys' fees.

### COUNT AGAINST METROPOLITAN LIFE INSURANCE COMPANY

10.     Plaintiffs incorporate the aforementioned paragraphs by reference hereto as fully set forth herein.

11.     In or about the year 1930, and at various times prior and subsequent thereto, up to and including the present time, defendant Metropolitan Life Insurance Company undertook and assumed a duty to provide the asbestos industry, the scientific community and company users of asbestos with information, inspections, instructions, supervision, recommendations, assistance, notices, reports, methods, findings, cautions, warnings, advice, designs, equipment, safeguards, guidance and services to properly, adequately and reasonably provide safe working conditions, all allegedly to preserve and protect the life, health and safety of employees exposed to asbestos, including Plaintiff and his co-workers, and particularly to protect them from the dangerous and defective properties of asbestos, asbestos products and compounds and/or other dangerous substances at or about the workplace.

12.     Plaintiffs aver that various employers and their employees, including Plaintiff and scientists and others similarly situated, were dependent upon the undertakings of Metropolitan to preserve and protect the life, health and safety of individuals, including Plaintiff, by not assisting the said companies in selling dangerous products.

13.     Metropolitan, by its active and passive negligence, failed to exercise the standard of care and skill it was obliged to exercise by reason of its aforesaid undertakings and assumption of duty, thereby causing, creating or permitting dangerous conditions and exposure to dangerous

and defective substances; and thereby failing to properly safeguard Plaintiff and all others similarly situated.

14.     As a result of the aforesaid negligence of defendant Metropolitan, Plaintiff was injured.

WHEREFORE, Plaintiffs pray that this Honorable Court enter judgment on their behalf against the defendants, both jointly and severally, in an amount of One Million Dollars ($1,000,000.00) plus interest as provided by law, and the cost of this action.

## COUNT AGAINST METROPOLITAN LIFE INSURANCE COMPANY

15.     Plaintiffs incorporate the aforementioned paragraphs by reference hereto as fully set forth herein.

16.     For a number of years, Metropolitan provided insurance coverage for various manufacturers of asbestos-containing products.

17.     For a number of years, Dr. A.J. Lanza served as assistant medical director of Metropolitan.

18.     At all times relevant, the activities of Dr. Lanza hereinafter described were undertaken as a servant, agent or employee of Metropolitan.

a.     Beginning in approximately 1934, Metropolitan Life Insurance Company and certain asbestos producers and manufacturers including Johns-Manville Corporation and Raybestos Manhattan, through their agents, Vandiver Brown, attorney J.C. Hobart, Sumner Simpson and J. Rohrbach, suggested to Dr. Anthony Lanza, as agent of Metropolitan Life Insurance Company, that Lanza publish a study on asbestos in which Lanza would affirmatively misrepresent material facts about asbestos exposure and concerning the seriousness of the disease processes, asbestosis and related diseases. This was accomplished through intentional deletion of Lanza's feeling of asbestosis as "fatal" and through other selective editing that affirmatively misrepresented asbestos as causing diseases less serious than they really were known to be. As a result, Lanza's study was published in the medical literature in this misleading fashion in

1935. This fraudulent misrepresentation and fraudulent nondisclosure was motivated in part by a desire to influence proposed legislation to regulate asbestos exposure and to provide a defense in disputes involving Metropolitan as insurer.

b.    In 1936, American Brake Block Corporation, Asbestos Manufacturing Company, Gatke Corporation, Johns-Manville Corporation, Keasbey & Mattison Company, Raybestos-Manhattan, Russell Manufacturing, Union Asbestos and Rubber Company, and United Gypsum Company, entered into an agreement with the Saranac Laboratories. Under this agreement, these companies acquired the power to decide what information Saranac Laboratories could publish about asbestos disease and could also control in what form such publications were to occur. This agreement gave these companies power to affirmatively misrepresent the results of the work at Saranac, and also gave these conspirators power to suppress material facts included in any study. On numerous occasions thereafter, these companies together with Metropolitan, exercised their power to prevent Saranac scientists from disclosing material scientific data, resulting in numerous misstatements of fact being made at scientific meetings.

c.    On November 11, 1948, representatives of the following companies met at the headquarters of Johns-Manville Corporation: American Brake Block Division of American Brake and Shoe Foundry, Gatke Corporation, Keasbey & Mattison Company, Raybestos-Manhattan, Inc., Thermoid Company, Union Asbestos and Rubber Company, United States Gypsum Company and Metropolitan. U.S. Gypsum did not send a representative to the meeting, but instead authorized Vandiver Brown of Johns-Manville to represent its interest at the meeting and to take action on its behalf.

d.    At this November 11, 1948 meeting, these companies and Metropolitan decided to exert their influence to materially alter and misrepresent material facts about the substance of research previously started by Dr. Leroy Gardner at the Saranac Laboratories. Dr. Gardner's research involved the carcinogenicity of asbestos in mice and also included an evaluation of the health effects of asbestos on humans with a critical review of the then existing standards of dust exposure for asbestos and asbestos products

e.    At this meeting, these companies and Metropolitan and subsequently their agent, Dr. Vorwald, intentionally and affirmatively determined that Dr. Gardner's work should be edited to delete material facts about the cancer causing propensity of asbestos and the health effects of asbestos on humans and to delete

the critique of the dust standards. This was published, as altered, in the scientific literature. These companies and Metropolitan thereby fraudulently misrepresented the risks of asbestos exposure to the public, in general, scientists, and persons exposed to asbestos such as the Plaintiff.

f.      As a direct result of the actions as described above, Dr. Gardner's edited work was published in the Journal of Industrial Hygiene, AMA Archives of Industrial Hygiene and Occupational Health in 1951 in a form that stressed those portions of Dr. Gardner's work that Metropolitan wished stressed, but which omitted references to human asbestosis and cancer, thereby fraudulently and affirmatively misrepresenting the extent of risks. Metropolitan and the companies it joined with affirmatively and deliberately disseminated this misleading publication.

g.      Such action constituted a material affirmative misrepresentation of material facts involving Dr. Gardner's work and resulted in creating an appearance that inhalation of asbestos was less of a health problem than Dr. Gardner's unedited work indicated.

h.      In 1955, Johns-Manville, for itself and on behalf of Metropolitan, through their agent Kenneth Smith, caused to be published in the AMA Archives of Industrial Health, an article entitled "Pulmonary Disability In Asbestos Workers". This published study materially altered the results of an earlier study in 1949 concerning the same set of workers. This alteration of Dr. Smith's study constituted a fraudulent and material representation about the extent of the risk associated with asbestos inhalation.

i.      In 1955, the National Cancer Institute held a meeting at which Johns-Manville, individually and as an agent for Metropolitan and A. Vorwald, as their- agent, affirmatively misrepresented that there were no existing animal studies concerning the relationship between asbestos exposure and cancer, when, in fact, Metropolitan was in secret possession of several studies which demonstrated that positive evidence did exist.

j.      Metropolitan approved and ratified and furthered the previous acts of Johns-Manville, Raybestos Manhattan, and A.J. Lanza.

19.      The acts of Metropolitan as described above, constitute a fraudulent concealment and/or a fraudulent misrepresentation which proximately caused injury to the Plaintiff in the following manner:

Case ID: 220602483

a.   Metropolitan intended the publication of false and misleading reports and/or the nondisclosure of documented reports of health hazards of asbestos, in order to:

   i.   Maintain a favorable atmosphere for the continued sale and distribution of asbestos and asbestos-related products;

   ii.  Assist in the continued pecuniary gain through the control and reduction of claims;

   iii. Influence proposed legislation to regulate asbestos exposure;

   iv.  Provide a defense in lawsuits brought for injury resulting from asbestos disease.

b.   Metropolitan intended reliance upon the published reports regarding the safety of asbestos and asbestos-related products.

c.   Plaintiff suffered injury as a direct and proximate result of the acts alleged herein.

20.    Metropolitan has, as previously stated, altered, influenced, and created significant portions of medical literature which are false and misleading statements concerning the dangers of asbestos exposure and disease. In so doing, Metropolitan, and its aforesaid agents, provided a body of medical literature which, when relied upon by persons investigating such literature, would have lead to a false impression of the dangers of asbestos exposure.

21.    Additionally, the publication of such literature acted to inhibit the development of the literature and effectively delayed the dissemination of accurate knowledge of the dangers. Metropolitan owed a duty to the Plaintiff, and the public as a whole, when contributing to the medical literature to do so in good faith and with the reasonable care expected of any professional contributing to such literature; Metropolitan's failure to do so is willful and wanton negligence and a separate intentional tort creating a duty to compensate the Plaintiff for injuries sustained as approximate contributing result of the actions of Metropolitan Life Insurance Company.

22.     As a direct and proximately result of the fraudulent concealment and/or fraudulent representation by Metropolitan and its agents, Plaintiff suffered the diseases, injuries and damages set forth in the foregoing paragraphs.

WHEREFORE, Plaintiffs prays that this Honorable Court enter judgment on her behalf against the defendants, both jointly and severally, in an amount of One Million Dollars ($1,000,000.00) plus interest as provided by law, and the cost of this action.

## AIDING AND ABETTING COUNT AGAINST
## METROPOLITAN LIFE INSURANCE COMPANY

23.     Plaintiffs incorporate the aforementioned paragraphs by reference hereto as fully set forth herein.

24.     Defendant, Metropolitan Life Insurance Company, individually and in concert with American Brake Block Corporation, Asbestos Manufacturing Company, Gatke Corporation, Johns-Manville Corporation, Keasbey & Mattison Company, Raybestos-Manhattan, Russell Manufacturing, Union Asbestos and Rubber Company, United Gypsum Company, Thermoid Company and others knowingly agreed and conspired among themselves to engage in a course of conduct that was reasonably likely to result in injury to Plaintiff.

25.     Defendant, Metropolitan Life Insurance Company, knew or should have known that the perversion of the scientific and medical literature as aforesaid would cause the harmful effects of asbestos exposure and would cause Plaintiff injury.

26.     Defendant, Metropolitan Life Insurance Company, gave substantial assistance and/or encouragement to the conspirators and this aided and abetted their sale of asbestos products in a defective and dangerous condition and their reduction and control of claims against them.

27.     The actions of Metropolitan Life Insurance Company make it liable to Plaintiff

Case ID: 220602483

pursuant to Section 876 of the Restatement of Torts (Second) since Metropolitan Life Insurance Company has acted in concert with others to cause harm to the Plaintiff.

28.     As a direct and proximate result of the actions of defendant, Metropolitan Life Insurance Company, Plaintiff suffered serious bodily injury; endured great pain and suffering and mental anguish; incurred; was otherwise damaged; and ultimately succumbed to his disease, causing his death.

WHEREFORE, Plaintiffs pray that this Honorable Court enter judgment on her behalf against the Defendants, both jointly and severally, in an amount of One Million Dollars ($1,000,000.00) plus interest as provided by law, and the cost of this action.

## MISREPRESENTATION COUNT AGAINST METROPOLITAN LIFE INSURANCE COMPANY

29.     Plaintiffs incorporate the aforementioned paragraphs by reference hereto as fully set forth herein.

30.     The actions of defendant Metropolitan Life Insurance Company as described above constituted conscious misrepresentation involving risk of physical harm and/or negligent misrepresentation involving risk of physical harm.

31.     Metropolitan Life Insurance Company is liable to Plaintiffs for Plaintiff's injury pursuant to Section 310 and 311 of the Restatement of Torts (Second).

.     As a direct and proximate result of the actions of defendant, Metropolitan Life Insurance Company, Plaintiff suffered serious bodily injury and death; endured and incurred medical expenses; lost earnings and earning capacity; and was otherwise damaged.

MAUNE RAICHLE HARTLEY
FRENCH & MUDD, LLC

BY: _____

JASON YAMPOLSKY, ESQUIRE
Attorney for Plaintiffs

## VERIFICATION

I, **JAMES EDWARD DOUGHERTY, III,** hereby state:

1.      I am the Plaintiff in the foregoing action;

2.      I verify that the statements made in the foregoing CIVIL ACTION COMPLAINT

are true and correct to the best of my knowledge, information and belief; and

3.      I understand that the statements in said CIVIL ACTION COMPLAINT are made

subject to the penalties of 18 PA.C.S. 4904 relating to unsworn falsification to

authorities.

**JAMES EDWARD DOUGHERTY, III**

6-17-22
_____
Date

Case ID: 220602483